IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JOHN NICHOLS, aka
JACK NICHOLS ,

      Plaintiff,

vs.

COUNTY OF SACRAMENTO, et al.,

      Defendants.

No. CIV S-07-2759 GEB EFB

ORDER

/

This matter was before the court on January 21, 2009, for hearing on defendants' motion to compel plaintiff's answers to the Special (Contention) Interrogatories, Set One, propounded by the individual defendants on July 10, 2008, and for sanctions for failure to obey a court order, Fed. R. Civ. P. 37. Amanda Butts appeared on behalf of defendants. Anthony Palik represented plaintiff.

Pursuant to the declarations of plaintiff's counsel and his paralegal, *see* Dckt. Nos. 31 (Gonzales Decl.) and 32 (Thacker Decl.), plaintiff asserts that he was never served with the subject interrogatories. However, plaintiff has submitted certificates of service showing proper service. *See* Dckt. No. 30 (Butts Decl., Exh. A). Moreover, this dispute was one of the matters expressly addressed, without objection by plaintiff, at this court's November 19, 2008 hearing

and at no time during the hearing did plaintiff assert that he had not been served with the interrogatories propounded by the individual defendants.[1] Furthermore, the November 25, 2008 order granting plaintiff's prior motion to compel, *see* Dckt. No. 29 (ordering, in pertinent part, that "plaintiff will serve on defendants, on or before December 3, 2008, complete and adequate . . . (2) initial responses to the interrogatories propounded by the individual defendants") is clear that plaintiff was being directed to respond to these interrogatories. Thus, it is apparent that plaintiff's assertion that the prior motion addressed only the interrogatories propounded by the County is simply mistaken.

In sum, the present dispute was previously before this court, plaintiff did not then contend that the subject interrogatories had not been served, and plaintiff was explicitly ordered to provide initial answers on or before December 3, 2008. Thereafter, defendants sought informally to obtain compliance with the court's order, but were informed for the first time by plaintiff's counsel on December 12, 2008, that the interrogatories had never been received. Defendants filed the instant motion on January 2, 2009, pursuant to Fed. R. Civ. P. 37 (b) (failure to comply with court order). Defendants clarified at the hearing that they seek preclusion sanctions only in the alternative, if plaintiff fails to provide the disputed discovery.

For the reasons stated on the record, plaintiff has not complied with this court's November 25, 2008 order. Accordingly, defendants' motion to compel discovery, Dckt. No. 30, is hereby GRANTED. Plaintiff shall, no later than Monday, January 26, 2009, serve complete answers to the Special (Contention) Interrogatories, Set One, propounded by each of the eight individual defendants. No further extension of time will be granted. Failure timely to answer

---

[1] The interrogatories propounded by the individual defendants were specifically identified in Defendants' Notice of Motion filed October 20, 2008, at 2:6-10, but were properly not included in the discussion contained in the parties' joint stipulation addressing only the County's interrogatories because of the plaintiff's "complete and total failure to respond to a discovery request," E. D. Cal. L. R. ("Local Rule") 37-251(e), Fed. R. Civ. P. 37(d). It was, however, among the motions heard, discussed, and ruled upon at the November 19, 2008 hearing.

the disputed interrogatories shall result in the imposition of sanctions for failure to comply with a court order, Fed. R. Civ. P. 37(b).

SO ORDERED.

DATED: January 21, 2009.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE