IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JOHN NICHOLS, aka
JACK NICHOLS,

    Plaintiff,

vs.

COUNTY OF SACRAMENTO, et al.,

    Defendants.
_____/

No. CIV S-07-2759 GEB EFB

<u>ORDER AND ORDER TO SHOW CAUSE</u>

Pending for decision before this court are defendants' motion to compel the deposition of plaintiff John Nichols and defendants' request for monetary sanctions against plaintiff and/or his attorney in the amount of $250.00. Dckt. No. 37. The matters were heard on this court's law and motion calendar on September 2, 2009. Attorney Jeri Pappone appeared on behalf of defendants. Neither plaintiff nor his attorney of record, Anthony James Palik, filed an opposition to the motion or appeared at the hearing. According to the docket, Mr. Palik is employed at the Law Office of Fernando F. Chavez (the "Chavez firm").

<u>BACKGROUND</u>

Defendants originally noticed a deposition of plaintiff for March 17, 2009. Decl. of John Lavra in Supp. of Mot. to Compel (Dckt No. 37-3), ¶ 2. The deposition did not go forward on

1

that date, however, because plaintiff's counsel requested that it be rescheduled. *Id.* Then, on May 29, 2009, defendants noticed a deposition of plaintiff for July 7, 2009, a date which was agreed upon between counsel. *Id.* ¶ 3.

The week before the deposition, plaintiff called defendants' counsel and stated that he planned to attend the July 7 deposition and that the Chavez firm was now representing him in this action, not Mr. Palik. *Id.*, Ex. 1. Defendants' counsel informed plaintiff that her firm had not received a substitution of counsel or any indication from the Chavez firm that they were now representing plaintiff, and informed plaintiff that as long as he was represented by counsel, he should not contact defendants' counsel directly. *Id.*

On July 6, 2009, defendants' counsel's law office contacted both the Chavez firm and Mr. Palik to confirm that the deposition was going forward the next day. *Id.* ¶ 4. The receptionist at the Chavez firm was unaware of any deposition on calendar, and Mr. Palik stated that he was not going to appear at the deposition since he had signed a substitution of counsel. *Id.* According to Mr. Palik, the substitution of counsel had not been filed because it was in plaintiff's possession and plaintiff would not communicate with him. *Id.*

Also on July 6, 2009, defendants' counsel sent a letter to Mr. Palik and the Chavez firm, informing them that if someone could not confirm by noon that day that the deposition was going forward on July 7, defendants' counsel would have to cancel the deposition and file a motion to compel. *Id.* ¶ 5. Defendants' counsel did not receive a response to the letter. *Id.*

On July 7, 2009, plaintiff appeared by himself for his deposition and indicated that he was unaware that the deposition was cancelled. *Id.*, Ex. 2. Plaintiff again stated that he was not represented by Mr. Palik, but was represented by Fernando Chavez. *Id.* The deposition did not go forward. *Id.* That same day, defendants' counsel wrote a letter to Mr. Palik explaining that plaintiff had showed up alone at the deposition, requesting that Mr. Palik instruct plaintiff not to contact defendants' counsel directly, and informing Mr. Palik that because no response was received to the July 6 letter, defendants' counsel was going to move forward with a motion to

compel and/or motion to dismiss, and seek monetary sanctions. *Id.*

On July 22, 2009, defendants' counsel wrote a letter to Mr. Palik requesting to meet and confer regarding this matter. *Id.* ¶ 7. Defendants' counsel did not receive a response to the letter. *Id.*

Therefore, on July 30, 2009, defendants filed the instant motion. Neither plaintiff nor his counsel have filed an opposition to the motion.

DISCUSSION

Defendants are entitled to depose plaintiff. Fed. R. Civ. P. 30(a)(1) ("A party may, by oral questions, depose any person, including a party, without leave of court except as provided in Rule 30(a)(2)."). Accordingly, defendants' motion to compel plaintiff's deposition is granted.[1]

Defendants are also entitled to recover their expenses for having to file the instant motion. Federal Rule of Civil Procedure 37(a)(5)(A) provides that if a motion to compel is granted "the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." Fed. R. Civ. P. 37(a)(5)(A); *see also* Fed. R. Civ. P. 37(d)(1)(A) ("The court where the action is pending may, on motion, order sanctions if: . . . a party . . . fails, after being served with proper notice, to appear for that person's deposition."). Plaintiff and his counsel had an opportunity to be heard regarding defendants' request for sanctions, but failed to appear at the September 2, 2009 hearing.

/////

---

[1] Defendants' motion to compel seeks an order specifically compelling plaintiff to attend a deposition on September 4, 2009. However, in light of the below order to show cause why this action should not be dismissed, an order setting the date for completion of plaintiff's deposition will not issue until it is determined whether the case will proceed further. If the action is not dismissed, and defendants are unable to depose plaintiff prior to the October 26, 2009, discovery cutoff date in this action, the undersigned will recommend to the district judge that the Scheduling Order be modified to extend the discovery deadline for the limited purpose of completing the deposition of plaintiff.

3

1  Defendants' motion seeks monetary sanctions in the amount of $250.00, based on
2  defendants' counsel's time spent "preparing the notice of motion, the points and authorities,
3  [counsel's] declaration, and the correspondence to Mr. Palik." Dckt. No. 37-3, ¶ 8. If
4  defendants desire, on or before September 17, 2009, they may file a further declaration regarding
5  any additional fees spent preparing for and/or attending the September 2, 2009 hearing. After all
6  responses to the orders to show cause discussed below are due, the court will determine the
7  amount of sanctions and apportion those sanctions against the responsible parties as appropriate.

8  Additionally, in light of plaintiff and his counsel's failure to file anything in response to
9  defendants' motion to compel and their failure to appear at the September 2, 2009 hearing, and
10 defendants' inability to depose plaintiff in this action, plaintiff and his counsel of record will be
11 ordered to show cause why this action should not be dismissed for failure to prosecute, and to
12 inform the court regarding the status of plaintiff's representation in this action. Failure of
13 plaintiff to timely file a response to the order to show cause will be deemed a request for
14 voluntary dismissal of this action.

15 Further, because Mr. Palik is plaintiff's attorney of record and has neither filed a
16 substitution of attorneys or a motion to withdraw as counsel, as required by the Local Rules, Mr.
17 Palik will be ordered to show cause why he should not be sanctioned for failing to appear at his
18 client's July 7, 2009 deposition; failing to respond to defendants' counsel's efforts to meet and
19 confer; failing to oppose defendants' motion to compel; failing to appear at the September 2,
20 2009 hearing; and if no longer representing plaintiff, failing to file a substitution of attorneys
21 and/or a motion to withdraw as counsel.

22 Finally, because the Chavez firm is still the law firm of record in this action, and because
23 plaintiff indicated on at least two occasions that he is represented by the Chavez firm, the
24 Chavez firm will be ordered to show cause why (1) if it currently represents plaintiff in lieu of
25 Mr. Palik, it should not be sanctioned for failing to appear at plaintiff's July 7, 2009 deposition;
26 failing to respond to defendants' counsel's efforts to meet and confer; failing to oppose

defendants' motion to compel; failing to appear at the September 2, 2009 hearing; and failing to ensure that a substitution of counsel was on file, and (2) if it is only plaintiff's law firm of record as a result of Mr. Palik's representation of plaintiff, it should not be sanctioned for failing to comply with the aforementioned obligations in this action when Mr. Palik failed to do so.[2]

For the foregoing reasons, IT IS HEREBY ORDERED that:

1. Defendants' motion to compel plaintiff's deposition is granted;

2. Defendants' request for sanctions under Fed. R. Civ. P. 37(d)(1)(A) for the cost of pursuing the motion is granted;

3. Plaintiff and/or his counsel are ordered to show cause, in writing, on or before September 17, 2009, why this action should not be dismissed for failure to prosecute and are ordered to inform the court, in writing, on or before September 17, 2009, regarding the status of plaintiff's representation in this action;

4. Mr. Palik is ordered to show cause, in writing, on or before September 17, 2009, why he should not be sanctioned for the reasons stated above;

5. The Law Office of Fernando F. Chavez is ordered to show cause, in writing, on or before September 17, 2009, why it should not be sanctioned for the reasons stated above;

6. The Clerk of Court is directed to serve a copy of this order on Mr. Palik, at the email address listed on the docket, and on the Law Office of Fernando F. Chavez, at the physical address listed on the docket; and,

////

////

---

[2] The court notes that Mr. Chavez's name has not appeared on any of the pleadings in this action (other than in the name of the law firm), and Mr. Chavez has never been designated as counsel for service, as authorized by Local Rule 83-182(c)(1). However, as the law firm of record in this action, and as Mr. Palik's current or former employer, the Chavez firm should have stayed apprised of the pending actions in which it is listed on the docket as the law firm of record.

The court is informed and believes that Mr. Palik is no longer employed at the Chavez firm. However, the Chavez firm is still listed as Mr. Palik's employer on the docket.

5

1  7. Both Mr. Palik and the Law Office of Fernando F. Chavez are ordered to serve
2 plaintiff with a copy of this order, and file a proof of service thereof, within three days of receipt
3 of this order.

4  SO ORDERED.

5 DATED: September 4, 2009.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE