IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JOHN NICHOLS, aka
JACK NICHOLS,

    Plaintiff,

vs.

COUNTY OF SACRAMENTO et al.,

    Defendants.

No. CIV S-07-2759 GEB EFB

<u>ORDER</u>

On September 2, 2009, this court heard defendants' motion to compel the deposition of plaintiff John Nichols and defendants' request for monetary sanctions against plaintiff and/or his attorneys. Dckt. Nos. 37, 38. Neither plaintiff nor his counsel filed an opposition or statement of non-opposition to the motion and neither appeared at the September 2, 2009 hearing. On September 4, 2009, the court granted plaintiff's motion to compel and request for sanctions, and ordered plaintiff and/or his counsel to show cause why this action should not be dismissed for failure to prosecute, and to inform the court regarding the status of plaintiff's representation in this action. Dckt. No. 39 at 4. The court further ordered Anthony Palik, plaintiff's attorney of record, "to show cause why he should not be sanctioned for failing to appear at his client's July 7, 2009 deposition; failing to respond to defendants' counsel's efforts to meet and confer; failing

to oppose defendants' motion to compel; failing to appear at the September 2, 2009 hearing; and if no longer representing plaintiff, failing to file a substitution of attorneys and/or a motion to withdraw as counsel." *Id.* Still further, because the Law Offices of Fernando F. Chavez (the "Chavez firm") was still the law firm of record in this action, and because plaintiff indicated on at least two occasions that he was represented by the Chavez firm, the court ordered the Chavez firm "to show cause why (1) if it currently represents plaintiff in lieu of Mr. Palik, it should not be sanctioned for failing to appear at plaintiff's July 7, 2009 deposition; failing to respond to defendants' counsel's efforts to meet and confer; failing to oppose defendants' motion to compel; failing to appear at the September 2, 2009 hearing; and failing to ensure that a substitution of counsel was on file, and (2) if it is only plaintiff's law firm of record as a result of Mr. Palik's representation of plaintiff, it should not be sanctioned for failing to comply with the aforementioned obligations in this action when Mr. Palik failed to do so." *Id.* at 4-5.

On September 16, 2009, both Mr. Chavez and Mr. Palik filed affidavits in response to the order to show cause. Dckt. Nos. 42, 43. Mr. Chavez's affidavit states that the Chavez firm "is still currently representing the Plaintiff in this action" and that the "firm should not be sanctioned for not producing Mr. Nichols" at the July 7, 2009 deposition because six days before defendants filed their motion to compel, "the parties had resolved any confusion regarding representation, agreeing upon a date to conduct the deposition," and pursuant to that agreement, plaintiff was to be deposed on September 4, 2009. Dckt. No. 42, ¶¶ 4-5. The affidavit states that on August 5, 2009, Mr. Palik confirmed via email to defendants' counsel's assistant that he would be appearing for the September 4, 2009 deposition; that on August 19, 2009, defendants' counsel sent plaintiff a Fourth Amended Notice of Deposition, rescheduling the deposition to take place on September 17, 2009; and that the Chavez firm confirmed to defendants that it would produce plaintiff for the September 17, 2009 deposition. *Id.* ¶¶ 5-6. According to the affidavit, because the Chavez firm "has continued to cooperate with Defendants' counsel to produce Mr. Nichols for the continuance of Mr. Nichols' initial deposition, which was originally conducted by

1  Defendants on January 17, 2007, . . . the court should reconsider the sanctioning the [Chavez
2  firm] so that the parties may conclude their discovery and focus on resolving the case as to its
3  merits." *Id.* ¶ 7.

4  Mr. Palik's September 16, 2009 affidavit adopts the statements made in Mr. Chavez's
5  affidavit and further states that although his regular employment with the Chavez firm was
6  terminated on March 1, 2009, Mr. Palik has since agreed to assist Mr. Chavez with plaintiff's
7  representation and will continue to act as the attorney of record. Dckt. No. 43, ¶¶ 4-5.
8  Additionally, on September 17, 2009, Mr. Palik filed a further affidavit stating that on September
9  17, 2009, at 10:00 a.m., plaintiff and Mr. Palik "were present in the offices of defense counsel,
10 ready, willing, and able to proceed with the defendants' deposition of our client," but defense
11 counsel informed Mr. Palik that she had sent a letter to the Chavez firm canceling the deposition
12 in light of the present OSC. Dckt. No. 44, ¶ 4. However, defense counsel "could not present a
13 copy of the letter for inspection," and an affidavit from Mili E. Gonzalez, a paralegal at the
14 Chavez firm, states that the Chavez firm did not receive "any correspondence from defendants or
15 their counsel canceling the plaintiff's deposition previously set by defendants for September 17,
16 2009." *Id.* ¶ 4, Dckt. No. 45, ¶ 3.

17 Although Mr. Palik and Mr. Chavez's affidavits address what they perceive to be defense
18 counsel's failures with regard to plaintiff's deposition, the affidavits do not address all of the
19 issues raised in the court's September 4, 2009 order and do not satisfy the court that Mr. Palik
20 and Mr. Chavez should not be sanctioned for their failures in this action. Specifically, the
21 affidavits do not address why Mr. Palik and/or Mr. Chavez should not be sanctioned for failing
22 to file either an opposition or statement of non-opposition to defendants' motion to compel and
23 for failing to appear at the September 2, 2009 hearing, as required by Local Rule 78-230. Mr.
24 Palik and Mr. Chavez are clearly in violation of the court's local rules and establish no
25 justification that excuses their non-compliance. Nonetheless, on September 28, 2009, defendants
26 filed a notice of withdrawal of their request for sanctions. Dckt. No. 46. Therefore, the court

3

1  reluctantly discharges the September 4, 2009 order to show cause and declines to exercise its
2  power to impose sanctions *sua sponte*. However, Mr. Palik and Mr. Chavez are admonished that
3  any further violations of the Local Rules or the court's orders will result in sanctions.
4      SO ORDERED.
5  DATED: October 9, 2009.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

4