IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JOHN NICHOLS, aka JACK NICHOLS,    )
                                   )
                Plaintiff,         )    2:07-cv-02759-GEB-EFB
                                   )
        v.                         )    SUPPLEMENTAL SCHEDULING ORDER
                                   )
COUNTY OF SACRAMENTO, CHERYL       )
CRESON, STEVEN PEDRETTI, KEITH     )
FLOYD, GEORGIA COCHRAN, CARL       )
MOSHER, THOR LUDE, HAROLD BIXLER,  )
and JOHN HALLIMORE,                )
                                   )
                Defendants.        )
_____   )

        This Order resolves Plaintiff's motion filed on January 11, 2010. Plaintiff waited until January 11, 2010, the day his opposition to Defendants' summary judgment motion was due, to file an *ex parte* motion for an order shortening time for hearing on Plaintiff's motion to continue the hearing on Defendants' summary judgment motion from January 25, 2010 to March 22, 2010. Plaintiff argues this continuance is necessary because his counsel Mr. Anthony Palik ("Mr. Palik") was surprised that Defendant's filed their duly noticed summary judgment motion for hearing on the last law and motion hearing date prescribed in the Scheduling Order. Mr. Palik argues Defendants' motion was "filed on December 22, 2009, while he was on vacation and that, due to a very busy litigation calendar, Mr. Palik would not be able to prepare a responsive pleading to the defendants' dispositive motion by the time set by the Defendants." Mr. Palik also argues:

> No effort was made by defense counsel to meet and confer with plaintiff's counsel on the timing of the motion, and the date of filing of the motion was itself apparently timed to prevent [P]laintiff and his counsel from an effective response to their

1             motion, where that response was due only one week
            from the end of the holiday season, and where

2             [P]laintiff's counsel had planned to be out of town
            on vacation during that time.

3

4             Defendants "oppose Plaintiff's motion to continue the

5 hearing date on Defendants' Motion for Summary Judgment," arguing

6 "good cause has not been shown" justifying changing January 25, 2010

7 as the last hearing date for law and motion prescribed in the

8 Scheduling Order, and "Plaintiff's counsel's purported 'surprise' at

9 the filing and hearing date of Defendants' motion is disingenuous."

10 Defendants further argue:

11             Prior to Mr. Palik's vacation, knowing that the
            last day for law and motion hearings in this case

12             was January 25, 2010, that this court requires a
            28-day notice period for motions, and that [Mr.

13             Palik] had been informed several times by counsel
            that a motion for summary judgment would be filed,

14             [and] if he had concerns regarding his schedule and
            case load, it would be his responsibility to inform

15             Defense counsel that he would be unavailable as
            soon as he knew of his impending absence . . .

16             This court's Scheduling Order was filed in this
            matter on April 24, 2008, which included the last

17             date for law and motion hearings to be January 25,
            2010 . . . The Scheduling Order sets the final

18             pretrial conference on the date which Plaintiff's
            counsel requests for hearing on Defendants' Motion

19             for Summary Judgment, March 22, 2010. The trial is
            scheduled for June 22, 2010. In order to change

20             the hearing date on Defendants' motion, the
            Scheduling Order in this case would have to be

21             modified. Defendants oppose any modification of
            the Scheduling Order . . . Defendants should not be

22             prejudiced by Plaintiff's eleventh hour request to
            continue the hearing on their motion for summary

23             judgment, or by a motion to modify the Scheduling
            Order, months after the close of discovery.

24             Defendants' position on the dates prescribed in the

25 Scheduling Order is correct. Nothing in the record supports Mr.

26 Palik's argument that defense counsel was obligated to notify Mr.

27 Palik that Defendants contemplated filing a duly noticed motion for

28

summary judgment on the last law and motion hearing date prescribed in the Scheduling Order.  Further, Mr. Palik's argument in which he indicates defense counsel was obligated to ascertain whether he was too busy handling other litigation to respond to their summary judgment motion, or had a vacation scheduled, is utterly untenable. It was incumbent upon Mr. Palik to know when Plaintiff would have to file an opposition to any motion, and it was Mr. Palik's obligation to try to ensure that the last law and motion hearing date was not prescribed in the Scheduling Order at a time that could interfere with his vacation plans.

Here, Mr. Palik filed a Joint Status Report on April 10, 2008, which was considered before the Scheduling Order issued, in which the parties "suggest[ed]" January 1, 2010 as the date for "completion of law and motion."  This suggestion contemplated law and motion occurring in the same holiday season during which Mr. Palik states he had a vacation planned.  The Scheduling Order prescribes January 25, 2010 as the last law and motion hearing date, which is during the same time period Mr. Palik requested in the Joint Status Report.  Mr. Palik should not complain about receiving the virtually identical last law and motion hearing date that he requested.

Nor does Mr. Palik's explanation that he has a "very busy litigation calendar" justify granting his motion to continue the hearing on Defendants' summary judgment motion as he requests.  The requested continuance seeks to have the motion scheduled on the same date as the final pretrial conference is scheduled.  This request is impracticable; it should be obvious that decision on Defendants' pending summary judgment motion should be filed sufficiently in advance of the final pretrial conference so that the parties know what

issues are to be tried before they submit a joint pretrial statement. Further, "[i]t is . . . no excuse for failing to [file a timely opposition to a summary judgment motion] that attorneys labor under the pressure of deadlines.  Time is a precious luxury which, if not carefully budgeted, can be a powerful foe." Dela Rosa v. Scottsdale Memorial Health Systems, Inc., 136 F.3d 1241, 1244 (9th Cir. 1998). Mr. Palik does not sufficiently explain why he did not carefully budget his time so that Plaintiff could have filed a timely opposition.

What Plaintiff seeks in his motion is modification of the Scheduling Order, even though he did not explicitly state that is what he requests.  See Johnson v. Mammouth Recreations, Inc. 975 F.2d 604, 609 (9th Cir. 1992) (discussing a motion to amend a pleading as a "defacto motion to amend the scheduling order" since the order did not authorize further amendments absence a showing of good cause).  A Scheduling Order shall not be modified absent a showing of "good cause."  Fed.R.Civ.P. 16(b).

> Rule 16(b)'s "good cause" standard primarily considers the diligence of the party seeking the amendment.  The district court may modify the pretrial schedule if it cannot reasonably be met despite the diligence of the party seeking the extension.  Moreover, carelessness is not compatible with a finding of diligence and offers no reason for a grant of relief.

Johnson, 975 F.2d at 609 (internal citations and quotations omitted).

Here it is evident Mr. Palik was at a minimum careless since he in essence claims he did not understand when Plaintiff's opposition would be due if Defendants duly noticed for hearing a motion on the last law and motion hearing date.  Reading the applicable portion of the Scheduling Order in conjunction with the applicable local rule

would have informed Mr. Palik when Plaintiff's opposition brief would
be due.  Mr. Palik obviously disregarded the law and motion hearing
deadline in the Scheduling Order.  "A scheduling order is not a
frivolous piece of paper, idly entered, which can be cavalierly
disregarded by counsel without peril . . . Disregard of the order
would undermine the court's ability to control its docket, disrupt the
agreed-upon course of the litigation, and reward the indolent and the
cavalier." Id. at 610 (internal citation and quotations omitted);
Phenylpropanolamine (PPA) Products Liability Litigation, 460 F.3d
1217, 1227 (9th Cir. 2006)("District courts have an inherent power to
control their dockets.")

        Even though Plaintiff has not shown good cause justifying
modification of the Scheduling Order, since trial is scheduled to
commence three months after the final pretrial conference, and the
reason for this three month gap was to ensure that time exists to
schedule a judge supervised settlement conference at the final
pretrial conference, this time period will be shortened so that
Plaintiff could be provided additional time to file an opposition.
Therefore, Plaintiff's opposition to Defendants' summary judgment
motion shall be filed no later than February 22, 2010; Defendants
reply, if any, shall be filed no later than March 1, 2010; and the
hearing on the motion scheduled for January 25, 2010, is rescheduled
to commence at 9:00 a.m. on March 8, 2010.  The final pretrial
conference is rescheduled to commence at 11:00 a.m. on May 10, 2010.

Dated:  January 22, 2010

                        _____
                        GARLAND E. BURRELL, JR.
                        United States District Judge