IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JOHN NICHOLS, aka JACK NICHOLS,       )
                                      )
                 Plaintiff,           )    2:07-cv-02759-GEB-EFB
                                      )
            v.                        )    ORDER GRANTING
                                      )    PLAINTIFF'S MOTION FOR
                                      )    PERMISSION TO APPEAL IN
COUNTY OF SACRAMENTO, CHERYL          )    FORMA PAUPERIS
CRESON, STEVEN PEDRETTI, KEITH        )
FLOYD, GEORGIA COCHRAN, CARL          )
MOSHER, THOR LUDE, HAROLD BIXLER,     )
and JOHN HALLIMORE,                   )
                                      )
                 Defendants.          )
_____)

        Plaintiff John Nichols ("Plaintiff") moves for permission to

appeal the May 3, 2010 judgment in forma pauperis.

**I. BACKGROUND**

        Plaintiff's Complaint alleged four claims arising out of the

termination of his employment with the County of Sacramento. The Court

granted Defendants' motion for summary judgment, and judgment was

entered accordingly on May 3, 2010. Plaintiff is appealing the

judgment in pro per.

        Plaintiff filed a Motion for Permission to Appeal In Forma

Pauperis on June 1, 2010. The affidavit filed in support of said

motion was unsigned and undated. Therefore, his motion was denied

1  without prejudice. Plaintiff subsequently filed a memorandum in

2  support of his motion, with a signed and dated affidavit attached.

3                          **II. DISCUSSION**

4          A party may seek leave from the district court to proceed in

5  forma pauperis on appeal under Federal Rule of Appellate Procedure 24

6  and 28 U.S.C. § 1915, when he or she is financially unable to pay the

7  costs associated with the appeal.  The requesting party must file a

8  motion in the district court, accompanied by an affidavit that: 1)

9  evidences in detail the party's inability to pay or give security for

10  fees and costs; 2) claims an entitlement to redress; and 3) states the

11  issues the party intends to present on appeal. Fed. R. App. P.

12  24(a)(1); 28 U.S.C. § 1915(a)(1).

13          To obtain leave to proceed in forma pauperis, the moving

14  party must show his or her economic eligibility and that the appeal is

15  not frivolous.  See Coppedge v. U.S., 369 U.S. 438, 444-445 (1962),

16  citing 28 U.S.C. § 1915(a).  "For purposes of section 1915, an appeal

17  is frivolous if it lacks any arguable basis in law or fact." Sherman

18  v. Yolo County Chief Prob. Officer, No. 02:06-cv-02415, 2008 WL

19  5282844, at * 1 (E.D. Cal. Dec. 18, 2008)(citing Neitzke v. Williams,

20  490 U.S. 319, 325 (1989) and Franklin v. Murphy, 745 F.2d 1221, 1225

21  (9th Cir. 1984)).

22          The determination of the moving party's indigency falls

23  within the district court's discretion. Cal. Men's Colony v. Rowland,

24  939 F.2d 854, 858 (9th Cir. 1991), rev'd on other grounds, 506 U.S. 194

25  (1993). "One need not be absolutely destitute to obtain benefit of the

26  in forma pauperis statute." Jefferson v. U.S., 277 F.2d at 725. "[A]n

27  affidavit is sufficient which states that one cannot because of his

28  poverty pay or give security for the costs and still be able to

provide himself and dependants with the necessities of life." Adkins v. E.I. Du Pont de Nemours & Co., 335 U.S. 331, 339 (1948).  Where the supporting affidavits comply with the statute, they should ordinarily be accepted, especially if unopposed. Jefferson v. U.S., 277 F.2d at 725.

Here, Plaintiff states that the issues he intends to present on appeal include,

> By granting the defendants motion for summary
> judgment based upon procedural errors of
> Plaintiffs attorney, finding that submitted
> material facts were unsubstantiated, and not
> considering all facts submitted the order denied
> plaintiff his right to present his material facts
> to a jury of his [peers] as the ultimate finder of
> fact....

(Pl's Aff. 1.) Plaintiff explains his financial status declaring he is currently unemployed, and his unemployment insurance "will be exhausted next month." (Pl's Aff. ¶ 12.)  Plaintiff also declares although he and his spouse own a home, they owe well more than its value. (Id.)  Further, Plaintiff declares their monthly expenses will exceed their combined income by approximately $1,800 once Plaintiff's unemployment benefits cease. Plaintiff has shown his financial eligibility and that the appeal is not frivolous. Therefore, his motion to proceed on appeal in forma pauperis is granted.

Dated:  June 15, 2010

_____
GARLAND E. BURRELL, JR.
United States District Judge